

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| DAVID WAYNE LESTER, | ) | |
| Appellant, | ) | |
| v. | ) | WD79573 |
| | ) | |
| NATIONSTAR MORTGAGE, LLC., et | ) | |
| al., | ) | FILED: December 20, 2016 |
| Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
#### THE HONORABLE ROBERT M. SCHIEBER, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### KAREN KING MITCHELL AND ANTHONY REX GABBERT, JUDGES

David Wayne Lester ("Lester") appeals from the summary judgment in favor of Nationstar Mortgage, LLC ("Nationstar"), on his petition to quiet title. He contends the circuit court erred in granting summary judgment because the court applied the wrong statute and failed to adjudicate the rights of the parties to the deed of trust contract. For reasons explained herein, we affirm.

#### FACTUAL AND PROCEDURAL HISTORY

On July 31, 2007, Lester's mother, Bonita J. Lester ("Bonita"),[1] acquired property in Lake Lotawana ("the property"). Bonita executed a deed of trust in

---

[1] To avoid confusion, we will refer to Bonita Lester by her first name. No familiarity or disrespect is intended.

favor of Pinnacle Bank as security for a note she executed. At the same time, Bonita executed a beneficiary deed on the property in favor of her sons, Lester and Craig Daniel Lester. The deed of trust and beneficiary deed were recorded.

In March 2008, Pinnacle Bank executed a deed of release in favor of Bonita and released its deed of trust. Bonita executed a new deed of trust in favor of Bank of America, N.A., on the property. The new deed of trust was recorded.

Bonita died on July 3, 2012. On August 22, 2012, Lester, Lester's wife, Craig Daniel Lester, and his wife executed a warranty deed that purported to grant all of their interest in the property to Lester. The warranty deed was recorded. In April 2013, Bank of America assigned its deed of trust on the property to Nationstar by an assignment of mortgage/deed of trust, which was recorded.

In September 2013, fourteen months after Bonita's death, Lester filed a petition to quiet title to the property. In his petition, Lester asserted, among other things, that the underlying debt on the property was extinguished because no estate was opened and Nationstar did not apply to open an estate within one year of Bonita's death. Lester asserted that, by virtue of the beneficiary deed that Bonita had executed and the warranty deed that he, his brother, and their wives had executed, he was now the sole owner of the property, free of any right or interest of Nationstar. Lester requested that the court enter a judgment establishing him as the sole, exclusive owner of the property in fee simple absolute; enjoining Nationstar from conducting or attempting to conduct any foreclosure sale

2

of his property; declaring that his property is not subject to Nationstar's mortgage, lien, or any other interest, charge or debt; and awarding him costs.

In response, Nationstar filed a motion for summary judgment. In support of its motion, Nationstar argued that it had a valid deed of trust and that the lien on the property created by the deed of trust survived Bonita's death. Nationstar asserted that, pursuant to Section 473.360,[2] the time limit for filing claims against estates does not apply to actions to enforce mortgages or other liens on estate property and that a creditor who has a security interest in decedent's property does not have to file a claim against the estate to enforce the security interest. Additionally, Nationstar argued that the property would not have even been part of Bonita's estate anyway because it was transferred, by operation of law, under the beneficiary deed to Lester and his brother upon Bonita's death. Nationstar contended that, pursuant to the nonprobate transfers law, when Lester and his brother took Bonita's interest in the property via the beneficiary deed, they took her interest subject to any liens and security interests she made during her lifetime.

The court granted Nationstar's motion for summary judgment. Lester appeals.

## STANDARD OF REVIEW

Appellate review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to party against

---

[2] All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

3

whom the judgment was entered. *Wills v. Whitlock*, 139 S.W.3d 643, 646 (Mo. App. 2004).

"Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013). The defendant establishes the right to judgment as a matter of law by showing one of the following:

> (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to--and will not be able to--produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support his properly pleaded affirmative defense.

*Id*. We will affirm a summary judgment under any theory supported by the record. *Id*.

### ANALYSIS

This is an appeal from a summary judgment on a petition to quiet title. A petition to quiet title is a statutory action that is appropriate "to determine the respective estates, titles, and interests of multiple people claiming an interest in land." *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. App. 2010). "A quiet title action is not designed to adjudicate the plaintiff's title as superior to the whole world, but only as compared to the other parties." *Fairdealing Apostolic Church, Inc. v. Casinger*, 353 S.W.3d 396, 400 (Mo. App. 2011) (internal quotation marks and citations omitted).

4

Section 527.150.1, the quiet title statute, provides:

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

This "'statute is remedial in nature and is to be liberally construed.'" *Robson*, 317 S.W.3d at 712 (citation omitted). The party bringing the quiet title action has the burden of establishing superior title, and "he must 'prevail on the strength of [his] own title and not on any weakness in the title of the other party.'" *Id*. (citation omitted).

In its judgment, the court found that Lester was not entitled to quiet title relief against Nationstar based upon Section 473.360. Subsection 1 of Section 473.360 provides, in pertinent part, that claims against the estate of deceased persons that are not filed within six months after the date of the first published notice of letters testamentary or of administration are forever barred. However, subsection 3 of Section 473.360 specifically states that "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate." Because Section 473.360.3 expressly excludes actions to enforce mortgages and liens on property, the court found that the time limit for filing claims against estates did not apply to Nationstar's lien on the property under its validly executed deed of trust.

5

Lester argues in Point I that the court erred in applying Section 473.360 because that statute applies only to claims against *estates*, and no estate was ever opened in this case. He contends that, instead of applying Section 473.360.3, the court should have applied Section 473.020. Section 473.020.1 provides that, where no application for letters testamentary or of administration is filed within 20 days after the decedent's death, any interested person, which includes creditors, may petition the probate division for issuance of such letters. *In re Fowler*, 400 S.W.3d 796, 801 n.4 (Mo. App. 2013). A creditor must file a petition to open an estate within one year after the decedent's death and could be barred from pursuing claims against the estate if the creditor fails to do so. § 473.020.2; *Fowler*, 400 S.W.3d at 801 n.4. Unlike Section 473.360, Section 473.020 does not have an exception for creditors who hold mortgages or liens on estate property. Lester asserts that, because no estate had been opened for Bonita, Nationstar was required to file a petition to open an estate within one year after Bonita's death to enforce its lien on the property. He further argues in Point II that, because no estate was opened and no personal representative of the estate was appointed, Nationstar could never comply with the deed of trust's notice requirements and conditions precedent for enforcing the lien.

The crux of Lester's points -- that Nationstar had to open an estate in order to enforce its lien -- ignores the legal effect of the beneficiary deed. The beneficiary deed that Bonita executed and recorded in 2007 transferred her ownership interest in the property to Lester and his brother, effective upon her

6

death.  § 461.025.1.  When Bonita died on July 3, 2012, ownership of the property passed by operation of law, as a nonprobate transfer, to Lester and his brother.  §461.031.3 and § 461.005(7), RSMo Cum. Supp. 2013.  Thus, even if a probate estate had been opened for Bonita, the property would not have been subject to the estate because the property was not owned by Bonita at her death.  *See Estate of Keen*, 488 S.W.3d 73, 86 (Mo. App. 2016).  It was owned by Lester and his brother.

However, Lester and his brother did not take their ownership interest in the property free and clear of any encumbrances.  The law specifically provides that "[a] beneficiary of a nonprobate transfer takes the owner's interest in the property at death subject to all conveyances, assignments, contracts, setoffs, licenses, easements, liens and security interests made by the owner or to which the owner was subject during the owner's lifetime."  § 461.039.1.  During Bonita's lifetime, the property was subject to the deed of trust in favor of Bank of America that she executed.  This deed of trust was properly assigned to Nationstar, a fact which Lester does not contest.  Therefore, Lester and his brother took their ownership interest in the property subject to Nationstar's security interest.

Because the property remained subject to Nationstar's security interest after ownership was transferred to Lester and his brother, Lester was not entitled to quiet title relief against Nationstar.  After Bonita's death, Nationstar could enforce its lien on the property against Lester and his brother and fully comply with the

notice requirements and conditions precedent for enforcing the lien.[3] The circuit court did not err in granting summary judgment in favor of Nationstar. Points I and II are denied.

<strong>CONCLUSION</strong>

The judgment is affirmed.

_____
Lisa White Hardwick, Judge

All Concur.

---

[3] Because a quiet title action adjudicates the plaintiff's title only as compared to the other parties, *Fairdealing Apostolic Church*, 353 S.W.3d at 400, and Lester's brother is not a party to this action, we will neither decide nor address the validity of the warranty deed purporting to transfer ownership of the property from Lester and his brother to Lester individually.